This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39748**

**SYDNEY COUNCE,**

Plaintiff-Appellant,

v.

**DREAMSPRING,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Harrison, Hart & Davis, LLC
Nicholas T. Hart
Albuquerque, NM

for Appellant

Wiggins, Williams & Wiggins, P.C.
Lorna M. Wiggins
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiff appeals from the district court's order compelling arbitration on all claims. We issued a notice of proposed disposition in which we proposed to summarily reverse. Plaintiff filed a memorandum in support and Defendant filed a memorandum in opposition, both of which we have duly considered. We reverse.

**{2}** Defendant's memorandum in opposition disagrees with our suggestion that the existence of a "pending claim" implies that some type of action or proceeding has been initiated. [MIO 2-3] Defendant argues that the term "pending" has only one meaning:

"not yet initiated or begun." [MIO 2] However, Defendant has not referred us to any authority where our courts have interpreted, in any context, the term "pending" in such a manner. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). To the contrary, our courts have consistently recognized that for a matter to be "pending," it must be initiated in some manner. *See, e.g.*, *Carrillo v. My Way Holdings, LLC*, 2017-NMCA-024, ¶ 10, 389 P.3d 1087 (explaining that a case is pending "once it is filed"); *Rodriguez v. Williams*, 2015-NMCA-074, ¶ 18, 355 P.3d 25 ("The term 'pending case' ordinarily refers to a suit pending on some court's docket." (internal quotation marks and citation omitted)); *Gomez v. Nielson's Corp.*, 1995-NMCA-043, ¶ 8, 119 N.M. 670, 894 P.2d 1026 ("[A] claim is pending when it is actually filed and in the process of litigation.").

**{3}**     We are additionally unpersuaded by Defendant's attempts to distinguish the arbitration clause at issue here from the illusory agreement in *Flemma v. Halliburton Energy Services, Inc.*, 2013-NMSC-022, 303 P.3d 814. [MIO 3-4] Defendant asserts the agreement prevents Defendant "from changing the clause when it has notice of an employee's claim, as opposed to the employee having filed the claim." [MIO 4] Even assuming, as Defendant appears to contend, that "notice" to Defendant is sufficient to render a claim "pending," the agreement at issue still "leaves a period of time between when a claim accrues and when a proceeding is initiated, during which [Defendant] retains the authority to unilaterally amend the agreement." *See id.* ¶ 32. Because the agreement allowed Defendant to "unilaterally amend or revoke its promise to arbitrate after a claim has accrued," Defendant's promise to arbitrate was illusory and no valid contract was formed. *See id.* ¶¶ 26, 35.

**{4}**     Lastly, we reject Defendant's claim that our notice of proposed disposition was erroneous on the basis that we failed to apply the substantive unconscionability analysis set forth in *Peavy v. Skilled Healthcare Group, Inc.*, 2020-NMSC-010, 470 P.3d 218. [MIO 1, 4] "Unconscionability is an affirmative defense to contract enforcement." *Id.* ¶ 10. It "is a means of invalidating an *otherwise valid* contract." *Flemma*, 2013-NMSC-022, ¶ 19 (emphasis added); *see also Figueroa v. THI of N.M. at Casa Arena Blanca, LLC*, 2013-NMCA-077, ¶ 17, 306 P.3d 480 ("[C]onsideration and unconscionability are two different analyses under contract law. Consideration is a prerequisite to the legal formation of a valid contract."). Given our determination that no valid agreement was formed in this case, it is unnecessary for us to consider any defenses to contract enforcement, including unconscionability.

**{5}**     Defendant has not otherwise convinced us that our initial proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we reverse the district court's order compelling arbitration and remand for further proceedings.

**{6}** IT IS SO ORDERED.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**